## SUPPLEMENTAL DECLARATION OF KEVIN RANEY

I, Chief Kevin Raney, declare and state as follows:

1.      This supplemental declaration is intended solely to supplement my prior declaration which is not being changed in the slightest.  This supplemental declaration is merely meant to address assertions made in Plaintiffs' Opposition to Defendants' Statement of Undisputed Facts and Conclusion of Law that were inadvertently left out of my original Declaration.

2.      I have been the Chief of Police of the Garden Grove Police Department since January 2011.  I became the Chief of Police after the retirement of Joseph Polisar.

3.      Prior to January 2011, I was the Deputy Chief of Police under Chief Polisar and I functioned in that capacity from 2005, until such time as I became Chief of Police.  As Deputy Chief, I oversaw the day-to-day operations of the Department in the Chief's absence.  In light of Chief Polisar's very busy schedule and out-of-Department obligations such as IACP (International Association of Chiefs of Police ), I functioned as Acting Chief much of the time.

4.      On the date of Plaintiffs' incident, September 3, 2008, I was the Deputy Chief of Police.

5.      I have been with the Garden Grove Police Department my entire career which commenced in 1978.

6.      As the Deputy Chief of Police at the time of this incident, I am qualified to testify and make representations as to the policies which were in effect.

7.      There are several policies on which Plaintiffs appear to have centered their focus.  Those policies concern the Department's Use of Force policy, 5150 Mental Health policy, Taser policy, and our IVS policy (in-unit video recording).

1

8.    The Department's Use of Force policy was last modified in 2006. This was prior to Plaintiffs' incident and I was familiar with that policy on September 3, 2008.

9.    The Department's 5150 Mental Health policy was last modified in December 2006, again prior to Plaintiffs' incident and I was familiar with that policy on September 3, 2008.

10.    The Department's Taser policy was last modified in March 2008, prior to Plaintiffs' incident and I was familiar with that policy on September 3, 2008.

11.    The Department's IVS policy was changed March 31, 2011, due to the implementation of a new recording system.  This was after Plaintiffs' incident and during my tenure as Chief of Police.  However, prior to this recent modification, I was familiar the former policy as Deputy Chief, and I was familiar with the former policy on September 3, 2008.  Other than possibly not recording the incident, the lack of IVS video does nothing to the facts and circumstances of this particular case.  Based on the nature of the 911 call, it would be reasonable for an officer to think tactically first, and thus forget to activate the IVS camera.

12.    It is my understanding that Plaintiffs have had ample access to the Department's on-line policies in light of Plaintiffs' counsel's apparent questioning of GGPD employees at their depositions, and given the fact that the policies were extensively cited in Plaintiffs' requests for admission and other discovery requests.

13.    As stated above, the vast majority of the policies relevant here are the same now as they were on the date of this incident.

///

///

///

///

2

1    14.    The policies of the Garden Grove Police Department are transparent

2  and available to the public.  They are posted on the Department's website at

3  http://www.ci.garden-grove.ca.us/?q=police/frontpage.

4        I declare under penalty of perjury that the foregoing is true and correct.

5        Executed this 11th day of July 2011, at Garden Grove, California.

6

7                              /s/ Kevin Raney
                             Kevin Raney, Chief of Police
8                            Declarant

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3